FILED
2022 Jan-07 PM 03:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATE DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| SHERLYN JOHNSON, | |
| Plaintiff, | |
| | CASE NO.:_____ |
| v. | |
| CHRISTINE WORMUTH, Acting Secretary of the Army, Department of the Army, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT FOR DAMAGES AND JURY DEMAND

**COME NOW** Plaintiff Sherlyn Johnson by and through undersigned counsel of record, and hereby files this Complaint and Jury Demand, and shows as follows:

### I. NATURE OF THIS ACTION

### 1.

This action is brought on behalf of Sherlyn Johnson to redress the Defendants' violation of plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et - seg.; the Civil Rights Act of 1991, 42 U.S.C. 1981a; Section 501 of the Rehabilitation Act of 1973 (as amended) 29 U.S.C. § 791, which incorporates by reference Title I of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12201 et seq., and the provisions of

1

sections 501 through 505, and 410 of the ADA, 42 U.S.C. § 12201,et seq., the

ADA Amendments Act of 2008 (ADAAA), 42 U.S.0 § 12101, et seq., and by the

Rehabilitation Act, 29 U.S.C. § 794a, which incorporates by reference Sections

706(f) through 706(k) of Title VII of the Civil Rights Act of 1964 ("Title VII"); 28

U.S.C.i331 and 1343.

## 2.

This action seeks injunctive, declaratory and equitable relief, as well as

nominal, and compensatory damages at law and other incidental monetary and

non-monetary remedies necessary to make the plaintiff whole and attorneys' fees.

## II. JURISDICTION AND VENUE

### 3.

This Court has jurisdiction pursuant to the provisions of Title. VII, 42 U.S.

C. 2000e-5 and 2000e-16(c) and the general civil rights jurisdictional provisions of

28 U.S.C. 1343(a)(4).

### 4.

Venue is proper because all alleged events occurred in the Northern District

of Alabama (The Anniston Army Depot is located within the venue of this Court).

### III. CONDITION PRECEDENT TO SUIT

### 5.

This action was timely filed within 90 days of receipt of the decision of the

U.S Equal Employment Opportunity Commission (hereinafter "EEOC") Appeal

No. 2021002606, Hearing No. 420-2020-00251X and Agency No.

ARANAD19MAY01856. Plaintiff's Complaint is attached hereto as Exhibit A and

the EEOC's decision is attached hereto as Exhibit B.

### IV. PARTIES

### 6.

Plaintiff, Sherlyn Johnson, is an African-American adult female, citizen of

the United States and the State of Alabama, who is more than 40 years of age, is a

qualified individual with a disability within the meaning of the Rehabilitation Act

of 1973 and the ADA, is a resident of Anniston, Calhoun County, Alabama, and at

all times material to this action was a civilian employee (Heavy Mobile Equipment

Mechanic, WG-10-5803) of the United States Army, Anniston Army Depot,

Anniston, Alabama.

### 7.

Defendant Christine Wormuth, Acting Secretary of the Army, is the head of

the Department of the Army, an agency of the United States of America. The

Department of the Army, here referred to as a department or instrumentality of the

federal government, subject to the laws of the United States of America, including

section 501 of the Rehabilitation Act of 1973, U.S.C.A. 701 et seq. (All references

in this complaint to specific statutes, codes, and regulations include any successors

to those statutes, codes, and regulations.). Defendant Christine Wormuth is the

Acting Secretary of the Army and is named as a defendant in this action in her

official capacity as the head of the Department of the Army. Out of an abundance

of precaution and pursuant to Rule 4, Federal Rules of Civil Procedure and 32 CFR

257, service may be had and a separate summons has been prepared for the

following for service via certified mail to the following:

Christine Wormuth, Acting Secretary of the Army
101 Army Pentagon
Washington, D.C. 20310-0101

Prim F. Escalona
United States Attorney for the Northern District of Alabama
1801 4th Avenue North
Birmingham, AL 35203

Office of the Judge Advocate General,
U.S. Army Litigation Division
901 N. Stuart Street
Suite 400
Arlington, VA 22203-1837

Polly E. Russell
Agency Representative
Anniston Army Depot
Attn: Legal Office
7 Frankford Avenue
Anniston, Alabama, 36201-4199

## V. FACTUAL ALLEGATIONS

### 8.

On or about February 2018, Plaintiff initially was not selected by the
Anniston Army Depot (hereinafter "Agency") for a position but, after she
complained to the Chain of Command, her resume was revaluated and rescored
and she was selected for the position.

### 9.

On or about July 2018, Plaintiff was injured while performing the duties of
her job. Plaintiff received medical attention and was removed from duty for
approximately 3 weeks. Plaintiff has been continuously harassed about the work
related injury. The Agency's managers have constantly reported that the injury was
not work related in order to avoid properly documenting/reporting the accident. It
was determined by Industrial Hygiene at the Agency that the components which
Complainant was instructed to assemble were over 45 lbs and too heavy for one
person to lift without a lifting device or assistance, and recommended that a lifting
device be put in place and used for this 2 man lift. However, on or about July 19,
2020 there was no lifting device and only one person continues to lift the oil tanks.
The medical documents which Complainant submitted to managers were not
forwarded. While under doctors care and on lifting restriction, Christopher
Benefield (Plaintiff's supervisor at the time) stated that Complainant should lift the
kits with her right side, which was much heavier than Complainant's restrictions;

**10.**

On or about April 1, 2019, Plaintiff was unlawfully retaliated against for her prior protected EEO activity when, on April 1, 2019, she received notification from the Agency that she would be suspended for two day effective April 9, 2019, for Discourtesy and Failure to Properly Request Leave ("AWOL").

**11.**

The AWOL action against Plaintiff was a direct act of reprisal by the Agency due to Plaintiff's prior EEO complaints against Agency's managers Rodney Gaither and Christopher Williams. Additionally, in an effort to validate its AWOL action against Plaintiff, the Agency solicited the fallacious testimony of Agency employees Christopher Benefield and Kenneth Beason. Shortly after providing their false statement against Plaintiff, Mr. Benefield and Mr. Beason received promotions from the Agency.

**12.**

On or about August 2019, Christopher Benefield lied about Complainant causing her to be charged AWOL, and the AWOL was subsequently removed.

**13.**

On or about July 27, 2018, Plaintiff submitted a U.S. Department of Labor Office of Worker's Compensation Claim ("OWCP") for compensation and on August 7, 2019 and August 28, 2019, Lacy Beyer, an Agency employee, informed

Christopher Benefield of the requirement for Plaintiff to use her own leave for doctor's appointments, causing Plaintiff to lose pay and duty hours. Said action against Plaintiff was a deviation from the Agency's policy.

## 14.

Between August 2018 until September 2019, Agency's managerial staff untruthfully reported to Plaintiff's senior supervisors that she was not participating in the workman's compensation claim process.

## 15.

On or about 17 December 2019, Christopher Benefield falsely accused Plaintiff of and charged Plaintiff with being AWOL for 6 minutes. This occurred even though other employees conducted the same behavior and were never penalized.

## 16.

On or about January 5, 2020, Plaintiff attended an Initial Teleconference with her attorney at the time and an EEOC Administrative Judge (EEOC No. 420-2020-00251X, Agency ARANAD19MAY01856, and on approximately January 6, 2020, Plaintiff was notified that her Temporary Position, which was an accommodation for a permanent work-related injury/impairment, would end and she would be returned to the duties of a Heavy Mobile Equipment Repairer, WG-

08, which duties are beyond her medical restrictions and continue to place her at risk for further injury.

**17.**

On or about January 2020, Plaintiff requested advanced leave. The Agency failed to timely respond to Plaintiff's request for advanced leave causing Complainant to take Leave Without Pay.

**18.**

On or about January 2020, Plaintiff was diagnosed with PTSD anxiety due to extreme hostile work environment. She notified Christopher Benefield and provided him a copy of the FMLA medical documentation stating the diagnosis (which Benefield provided approval of the FMLA)(approximately 1/21/2020) as well as requested advanced annual leave. Plaintiff then submitted a request for advanced annual leave several times as well as contacted Christopher Benefield and Jason Adam Harvey, an Agency managerial staff, several times to request a status of her request. However, each time they did not give a status and she went into a Leave Without Pay status and did not receive a response or pay for approximately 50 to 60 days.

**19.**

After Plaintiff's temporary promotion expired on June 25, 2020, her temporary promotion was not extended and she was not promoted or given a

permanent position.  Other non-female or Black employees, with less qualification were promoted.

## 20.

On or about July 2020, after months of going back and forth with the Agency about Plaintiff's OWCP claim forms, Plaintiff discovered the forms were not being submitted, resulting in her not receiving medical treatment approval, having to use her own insurance, paying for out-of-pocket expenses, being unable to accrue leave and being in leave with pay status.

## 21.

The Agency's managers submitted documents to the Department of Labor that were changed and/or amended, gave Plaintiff different documents and did not forward some documents to the Department of Labor.  This evidenced the Agency's continued attempts to harass and intimidate Plaintiff.

## 22.

Over the past several years, Plaintiff was belittled, humiliated, embarrassed, placed in fear and unfairly critiqued by the Agency's management. Said treatment caused Plaintiff substantial emotional distress.

## VI.    COUNT I: VIOLATION OF 42 U.S.C. § 1981 DISCRIMINATION

## 23.

Plaintiff hereby incorporates Paragraph 1 through 22 above as if set forth fully herein.

### 24.

Defendant subjected Plaintiff to discrimination and harassment on the basis of his race, gender and protected EEO Activity.

### 25.

Defendant's actions in subjecting Plaintiff to different terms and conditions to employment constitutes unlawful discrimination on the basis of race, gender and prior protected EEO activity in violation of 42 U.S.C. § 1981.

### 26.

The effect of Defendant's conduct was to deprive Plaintiff of economic opportunities and otherwise adversely affect Plaintiff's status as an employee because of her race, gender and protected EEO Activity.

### 27.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected her psychological and physical well being.

### VII.  **COUNT II: VIOLATION OF 42 U.S.C. § 1981 RETALIATION**

### 28.

Plaintiff hereby incorporates Paragraph 1 through 27 above as if set forth fully herein.

**29.**

Plaintiff engaged in protected conduct when she complained about race-based discrimination and harassment.  Additionally, Plaintiff engaged in protected activity while serving as a Union Representative for the Agency and representing other employees who were submitting claims against the Agency for discrimination.

**30.**

Defendant subjected Plaintiff to adverse employment actions after she engaged in protected conduct.

**31.**

There was a causal connection between the protected conduct and the adverse action.

**32.**

As a direct and proximate result of these actions, Plaintiff has suffered damages.

**33**.

Defendant is liable for the damages caused proximately resulting from its retaliation.

## VIII. COUNT III: DISABILITY DISCRIMINATION

### 34.

Plaintiff incorporates by reference the allegations of paragraphs 1 through 33, inclusive, as if fully set forth herein.

### 35.

Defendant's above-described conduct, including, but not limited to, management refusal to reasonably accommodate plaintiff, constituted unlawful discrimination against a employee who, with such accommodation, could perform his job and had been performing his job with the same or similar accommodations in the past.

### 36.

As a direct and proximate result of such discrimination, Plaintiff has lost, and continues to lose, wages and other employment benefits, and has suffered, and continues to suffer, emotional injuries and distress, anguish, embarrassment, and humiliation.

## IX. COUNT IV: NEGLIGENT SUPERVISION AND RETENTION

### 37.

Plaintiff incorporates by reference the allegations of paragraphs 1 through 36, inclusive, as if fully set forth herein.

**38.**

At all times relevant hereto, Defendant knew or should have that the Agency's Managers were using improper motives to assign, transfer, promote and intimidate employees.

**39.**

Numerous complaints were made to the Agency with regards to Plaintiff's managers, in response to which Defendant failed to act.

**40.**

Defendant negligently supervised and retained Plaintiff's mangers which allowed them to carry out these discriminatory acts as described above.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that the Court grant such relief as may be appropriate, including damages, costs and attorney fees. More specifically, the Plaintiff requests the following relief:

a. A declaratory judgment that the Defendants' practices in denying Plaintiff accommodation on the basis of his disability was illegal and in violation of the Rehabilitation Act of 1973;

b. An award of nominal and compensatory damages to Plaintiff;

c. An award of compensatory damages as a result of each violation, for her mental anguish, humiliation, loss of enjoyment of life and inconvenience;

d.  For past and future economic, general, special, pecuniary, consequential and compensatory damages according to proof on all causes of action;

e.  An award of litigation costs and expenses, including reasonable attorneys' fees, to Plaintiff;

f.  Pre-judgment and post-judgment interest; and

g.  Such other and further relief as the Court may deem just and proper.

Respectfully submitted this 8th day of January 2022.

/s/ Nathaniel J. Middleton
Nathaniel J. Middleton, Esq.
Attorney for Plaintiff
Georgia Bar No.: 504909
3951 Snapfinger Parkway, Suite 515
Decatur, GA 30035
Office: 404-286-4441
Fax: 404-996-6788
Cellular: 770-329-1747
E-mail:  nathanieljmiddleton@gmail.com

# EXHIBIT A

RECEIVED JUL 18 2019

## FORMAL COMPLAINT OF DISCRIMINATION
For use of this form, see AR 690-600; the proponent agency is OSA

### PRIVACY ACT STATEMENT (5 U.S.C. §552a)

**AUTHORITY:** Public Law 92-261

**PRINCIPAL PURPOSE:** Used for formal filing of complaints of discrimination because of race, color, national origin, religion, sex, age, physical or mental disability, and/or reprisal by Department of the Army civilian employees, former employees, applicants for employment, and some contract employees.

**ROUTINE USES:** Information will be used (a) as a data source for complaint information for production of summary descriptive statistics and analytical studies of complaints processing and resolution efforts; (b) to respond to general requests for information under the Freedom of Information Act; (c) to respond to requests from legitimate outside individuals or agencies (Congress, White House, Equal Employment Opportunity Commission) regarding the status of an EEO complaint or appeal; or (d) to adjudicate an EEO complaint or appeal.

**DISCLOSURE:** Voluntary, however, failure to complete all appropriate portions of the form may lead to rejection of complaint on the basis of inadequate data on which to continue processing.

| 1. NAME (Last, First, Middle Initial) | 2. SOCIAL SECURITY NUMBER | 3. HOME TELEPHONE NUMBER |
|---|---|---|
| Johnson, Sherlyn R. | 2326 | (850) 341-0138 |

**4. HOME ADDRESS**
P.O. Box 8391
Anniston, AL 36202

**5. DO YOU CURRENTLY WORK FOR THE FEDERAL GOVERNMENT?**
[ ] NO   [X] YES (If yes, complete 6, 6a, 6b, 7 and 8.)

**6. NAME OF AGENCY WHERE CURRENTLY EMPLOYED**
Directorate of Production
Turbine Drive Train Turbine Engines
Anniston Army Depot

**8a. WORK TELEPHONE NUMBER**
(256) 235-7534

**6b. EMPLOYER'S ADDRESS (Complete information to include office symbol.)**
7 Frankford Avenue
Anniston, AL 36201

**7. PAY PLAN/SERIES/GRADE**
WG-10-5803

**8. CURRENT JOB TITLE**
Heavy Mobile Equipment Mechanic

### SECTION I - COMPLAINT INFORMATION

9. REASON YOU BELIEVE YOU WERE DISCRIMINATED AGAINST (Check below all that apply. Identify specific race, color, sex, age, religion, national origin, and/or disability.)

[ ] RACE _____ [ ] COLOR _____ SEX [ ] Male [ ] Female [ ] AGE _____

DATE OF BIRTH _____ [ ] NATIONAL ORIGIN _____ [ ] RELIGION _____

DISABILITY [ ] Mental _____ [ ] Physical _____ [X] REPRISAL _____
(Date(s) and type of prior EEO activity)

10. EXPLAIN WHEN AND HOW YOU WERE DISCRIMINATED AGAINST (If your complaint involves more than one basis of alleged discrimination, list and number each basis separately and provide specific factual information in support of each allegation of discrimination. If necessary, continue on page 2.)   I have been discriminated against, humiliated, lied on, belittled, disrespected, as well as isolated by co-workers, when Mr. Rodney Brodeur (Deputy Director) submitted a final decision to suspend me for 2 work days, without pay, based on lies document by managers Rodney Gaither and Christopher Williams as well as two employees Christopher Benefield and Kenneth Beason.
   This initial action was a direct act of REPRISAL by the two above listed managers due to prior EEO complaints ongoing and pending filed against both. When I addressed my concerns as to a conflict of interest as to the Exact SAME managers initiating and making the final decision, the Deciding Official was then changed to their immediate supervisor, Rodney Brodeur.
   The EXACT SAME two employees which provided statements (which were lies) recieved promotions shortly after. Mr. Benefield a work leader, only months after his statement he was promoted to a Supervisor, Mr. Beason was TEMPORARY WG-10-5803. He was detailed to an ENGINE TESTING position, then converted to a permanent WG-10, Then to a work leader only MONTHS after submitting his statement.

DA FORM 2590, FEB 2004    REPLACES DA FORM 2590-R, AUG 89, WHICH IS OBSOLETE.    PAGE 1 OF 3
APD V1.00

000006

RECEIVED ... 1 8 2019

EXPLAIN WHEN AND HOW YOU WERE DISCRIMINATED AGAINST *(Cont'd)* *(If necessary, additional sheets may be used.)*

| 11a. NAME OF ORGANIZATION WHERE ALLEGED DISCRIMINATION OCCURRED<br>DP Turbine Engines Anniston Army Depot | 11b. ADDRESS OF ORGANIZATION WHERE ALLEGED DISCRIMINATION OCCURRED<br>7 Frankford Ave., Anniston, AL 36201 |

12a. HAVE YOU DISCUSSED THE ISSUE(s) IN BLOCK 10 WITH AN EEO COUNSELOR?  ☐ NO  [X] YES *(If yes, complete 12b, 12c, and 12d below.)*

| 12b. NAME OF EEO COUNSELOR<br>Brenda Montgomery | 12c. DATE OF INITIAL CONTACT WITH EEO OFFICIAL *(YYYYMMDD)*<br>5/15/2019 | 12d. DATE NOTICE OF RIGHT TO FILE A FORMAL COMPLAINT OF DISCRIMINATION RECEIVED *(YYYYMMDD)*<br>6/14/2019 |

13. ELECTION OF REPRESENTATION

☐ ATTORNEY  ☐ NON-ATTORNEY  [X] NO REPRESENTATION

NAME OF REPRESENTATIVE _____

ADDRESS _____

TELEPHONE NUMBER: _____  FAX: _____  E-MAIL: _____

14. WHAT RELIEF ARE YOU SEEKING TO RESOLVE THIS COMPLAINT? *(State specific corrective action desired for each allegation.)*
To be made whole to the fullest extent of the law, to include:
1) Compensation for any and all financial loss associated with this action including legal fees and costs.

15a. HAVE THE ISSUES IDENTIFIED IN BLOCK 10 BEEN APPEALED TO THE MERIT SYSTEMS PROTECTION BOARD *(MSPB)* OR FILED UNDER A UNION NEGOTIATED GRIEVANCE PROCEDURE?  ☐ NO  ☐ YES (If yes, complete 15b, 15c, and 15d below.)

| 15b. ☐ MSPB  ☐ UNION NEGOTIATED GRIEVANCE | 15c. DATE FILED *(YYYYMMDD)*<br>5/2019 | 15d. MSPB OR UNION DOCKET NUMBER *(If known)* |

16. LIST NAME(s) OF WITNESS (ES) AND BRIEFLY STATE WHAT INFORMATION WITNESS MAY CONTRIBUTE TO THE INVESTIGATION OF YOUR COMPLAINT.

| 17a. SIGNATURE OF COMPLAINANT<br>Sherlyn R Johnson<br>*Verified by PDFfiller 06/29/2019* | 17b. DATE DA FORM 2590 SIGNED BY COMPLAINANT *(YYYYMMDD)*<br>6/29/2019 |

DA FORM 2590, FEB 2004

PAGE 2 OF 3
APD V1.00

# EXHIBIT B



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Sherlyn R. Johnson, a/k/a
Sueann C.,[1]
Complainant,

v.

Christine Wormuth,
Secretary,
Department of the Army,
Agency.

Appeal No. 2021002606

Hearing No. 420-2020-00251X

Agency No. ARANAD19MAY01856

DECISION

On March 30, 2021, Complainant filed an   appeal[2] with the Equal Employment Opportunity
Commission (EEOC or Commission), pursuant to 29 C.F.R. § 1614.403(a), from the Agency's
March 31, 2019 final order concerning her equal employment opportunity (EEO) complaint
alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964
(Title VII), as amended, 42 U.S.C. § 2000e et seq.

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name
when the decision is published to non-parties and the Commission's website.

[2] When Complainant filed her appeal, it was premature. However, the Agency subsequently
issued its timely final action following the AJ's issuance of a Summary Judgment Decision
without a Hearing. Where a premature appeal has been filed and the Agency subsequently issues
a final action while the appeal remains pending, we have held that the issuance of the decision
cured the defect and made the appeal ripe for adjudication. See Franchesca V. v. Dep't of the
Treasury, EEOC Appeal No. 0120150620 (Mar. 24, 2017); Complainant v. Dep't of Veterans
Affairs, EEOC Appeal No. 0120120712 (June 18, 2014).

2                                                          2021002606

## BACKGROUND

During the relevant time, Complainant worked for the Agency as a Heavy Mobile Equipment Mechanic, WG-10, in Anniston, Alabama.

On June 29, 2019, Complainant filed a formal EEO complaint alleging that the Agency unlawfully retaliated against her for prior protected EEO activity when, on April 1, 2019, she received notification that she would be suspended for two days effective April 9, 2019, for Discourtesy and Failure to Properly Request Leave.

The record indicates that Complainant was charged absent without leave (AWOL), when she failed to report to work on July 18, 2018. The record further discloses that Complainant failed to properly request leave prior to her absence, and she did not advise Agency officials of her absence within two hours after the start of her scheduled work shift, as required.

According to Agency policy, "[e]mployees not reporting for work...shall furnish notice to the Employer by telephone or other means as soon as possible, but normally not later than two hours after the beginning of their scheduled work shift." Complainant's supervisor did not hear from Complainant verbally or in writing regarding her absence. Complainant avers that she attempted to send her supervisor a leave request via email, but she later learned that the message remained in her outbox. According to the Agency, following her return to work, Complainant gave her supervisor an unsigned leave slip that did not indicate the purpose of Complainant's absence as required in provision 4 of the form. The record further indicates that when Complainant's supervisor spoke with Complainant about her failure to submit a leave slip or call in on July 18, 2018, Complainant "got loud" and told her supervisor that she did not want to talk about the matter. According to the Agency Complainant stated, "I know what I am dealing with," and then left her supervisor's office.

After an investigation, the Agency provided Complainant with a copy of the report of investigation and notice of her right to request a hearing before an EEOC Administrative Judge (AJ). Complainant timely requested a hearing. Over Complainant's objections, the AJ assigned to the case granted the Agency's February 1, 2021 motion for a decision without a hearing and issued a decision by summary judgment in favor of the Agency on February 25, 2021. The Agency subsequently issued a final order adopting the AJ's finding of no discrimination.

The instant appeal followed.

## ANALYSIS AND FINDINGS

The Commission's regulations allow an AJ to issue a decision without a hearing when he or she finds that there is no genuine issue of material fact. 29 C.F.R. § 1614.109(g). This regulation is patterned after the summary judgment procedure set forth in Rule 56 of the Federal Rules of Civil Procedure.

3                                                                                                    2021002606

The U.S. Supreme Court has held that summary judgment is appropriate where a court determines that, given the substantive legal and evidentiary standards that apply to the case, there exists no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). In ruling on a motion for summary judgment, a court's function is not to weigh the evidence but rather to determine whether there are genuine issues for trial. Id. at 249. The evidence of the non-moving party must be believed at the summary judgment stage and all justifiable inferences must be drawn in the non-moving party's favor. Id. at 255. An issue of fact is "genuine" if the evidence is such that a reasonable fact finder could find in favor of the non-moving party. Celotex v. Catrett, 477 U.S. 317, 322-23 (1986); Oliver v. Digital Equip. Corp., 846 F.2d 103, 105 (1st Cir. 1988). A fact is "material" if it has the potential to affect the outcome of the case.

To successfully oppose a decision by summary judgment, a complainant must identify, with specificity, facts in dispute either within the record or by producing further supporting evidence and must further establish that such facts are material under applicable law. Here, Complainant has failed to point with any specificity to particular evidence in the investigative file or other evidence of record that indicates such a dispute. For the reasons discussed below, we find that, even construing any inferences raised by the undisputed facts in favor of Complainant, a reasonable fact-finder could not find in her favor.

A claim of disparate treatment is examined under the three-part analysis first enunciated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). For complainant to prevail, he must first establish a prima facie case of discrimination by presenting facts that, if unexplained, reasonably give rise to an inference of discrimination, i.e., that a prohibited consideration was a factor in the adverse employment action. See McDonnell Douglas, 411 U.S. at 802; Furnco Construction Corp. v. Waters, 438 U.S. 567 (1978). The burden then shifts to the agency to articulate a legitimate, nondiscriminatory reason for its actions. See Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981). Once the agency has met its burden, the complainant bears the ultimate responsibility to persuade the fact finder by a preponderance of the evidence that the agency acted on the basis of a prohibited reason. See St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993).

This established order of analysis in discrimination cases, in which the first step normally consists of determining the existence of a prima facie case, need not be followed in all cases. Where the agency has articulated a legitimate, nondiscriminatory reason for the personnel action at issue, the factual inquiry can proceed directly to the third step of the McDonnell Douglas analysis, the ultimate issue of whether complainant has shown by a preponderance of the evidence that the agency's actions were motivated by discrimination. See U.S. Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 713-714 (1983); Hernandez v. Dep't of Transportation, EEOC Request No. 05900159 (June 28, 1990); Peterson v. Dep't of Health and Human Services, EEOC Request No. 05900467 (June 8, 1990); Washington v. Dep't of the Navy, EEOC Petition No. 03900056 (May 31, 1990).

4                                                    2021002606

The evidence of record fully supports the AJ's determination of a non-discriminatory motivation for issuance of the two-day suspension. Specifically, the record indicates that Complainant was charged AWOL in accordance with Agency policy for not properly requesting leave prior to her absence on July 18, 2018, and by not advising her supervisor that she would be absent within two hours after the start of her scheduled work shift. In addition, Complainant responded discourteously when questioned about her actions relating to the subject absence. Complainant failed to identify similar situated individuals outside her protected classes who were treated more favorably after engaging in similar conduct. For the reasons discussed, herein, we find that even assuming all undisputed facts in favor of Complainant, a reasonable factfinder could not find in her favor. There is simply no evidence to support a conclusion that retaliatory animus played a role in this matter. Therefore, we find that the AJ properly issued a decision by summary judgment concluding no unlawful retaliation was established.

## CONCLUSION

We AFFIRM the Agency's final order, because the AJ's issuance of a decision without a hearing was appropriate, and a preponderance of the record evidence does not establish that reprisal occurred.

## STATEMENT OF RIGHTS - ON APPEAL

## RECONSIDERATION (M0920)

The Commission may, in its discretion, reconsider this appellate decision if Complainant or the Agency submits a written request that contains arguments or evidence that tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests for reconsideration must be filed with EEOC's Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision.   If the party requesting reconsideration elects to file a statement or brief in support of the request, **that statement or brief must be filed together with the request for reconsideration**.   A party shall have **twenty (20) calendar days** from receipt of another party's request for reconsideration within which to submit a brief or statement in opposition.   See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015).

Complainant should submit his or her request for reconsideration, and any statement or brief in support of his or her request, via the EEOC Public Portal, which can be found at https://publicportal.eeoc.gov/Portal/Login.aspx

5                                          2021002606

Alternatively, Complainant can submit his or her request and arguments to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, via regular mail addressed to P.O. Box 77960, Washington, DC 20013, or by certified mail addressed to 131 M Street, NE, Washington, DC 20507. In the absence of a legible postmark, a complainant's request to reconsider shall be deemed timely filed if OFO receives it by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604.

An agency's request for reconsideration must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP). See 29 C.F.R. § 1614.403(g). Either party's request and/or statement or brief in opposition must also include proof of service on the other party, unless Complainant files his or her request via the EEOC Public Portal, in which case no proof of service is required.

Failure to file within the 30-day time period will result in dismissal of the party's request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. **Any supporting documentation must be submitted together with the request for reconsideration.** The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint**.

### RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests.

6                               2021002606

Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

October 12, 2021
Date

7                                           2021002606

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was provided to the parties. I certify that on the date below this decision was provided to the following recipients via the means identified for each recipient:

Sherlyn R. Johnson
P.O.Box 8391
Anniston, AL 36202
Via U.S. Mail

Nathaniel J. Middelton
3951 Snapfinger Prkwy Ste 515
Decatur, GA 30035
Via U.S. Mail

Department of the Army
Director, EEO Compliance and Complaints Review, (EEOCCR)
Via FedSEP

October 12, 2021
Date

Compliance and Control Division