FILED
2022 Jul-27 PM 02:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| SHERLYN JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTINE WORMUTH, Acting Secretary of the Army, Department of the Army,<br><br>Defendants. | CASE NO.:1:22-cv-36-CLM |

**SECOND AMENDED COMPLAINT FOR DAMAGES**

**COMES NOW** Plaintiff SHERLYN JOHNSON, by and through her undersigned counsel of record, files this Second Amended Complaint for Damages and shows the Court the following:

## I. NATURE OF THIS ACTION

**1.**

This action is brought on behalf of Sherlyn Johnson to redress the Defendants' violation of plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et - seg.; and the Civil Rights Act of 1991, 42 U.S.C. 1981a.

**2.**

This action seeks injunctive, declaratory and equitable relief, as well as nominal, and compensatory damages at law and other incidental monetary and non-monetary remedies necessary to make the plaintiff whole and attorneys' fees.

## II. JURISDICTION AND VENUE

**3.**

This Court has jurisdiction and venue is proper over Defendants pursuant to the Federal Tort Claims Act, 28 U.S.C. subsection (b) of section 1346, et seq, and section 2671, et seq, wherein a civil action against the United States or an agency thereof may be prosecuted only in the judicial district where the Plaintiff reside or wherein the act or omission complained of occurred.

Additionally and concurrently, this Court has jurisdiction and venue is proper over Defendants pursuant to Title VII of the Civil Rights Act of 1964, as amended, Section 701 et seq , 42 U.S.C. subsection (e) of section 2000, et seq,

**4.**

This claim is brought under the Federal Tort Claims Act, 28 U.S.C. sections 1346(b), et seq. and 2671, et seq.

Additionally and concurrently, the claim is brought under Title VII of the Civil Rights Acts of 1964, as amended, Section 701, et seq, 42 U.S.C. subsection (e) of section 2000, et seq,.

**5.**

Venue is proper because all alleged events occurred in the Northern District of Alabama (The Anniston Army Depot is located within the venue of this Court).

## III. CONDITION PRECEDENT TO SUIT

**6.**

Pursuant to 29 C.F.R. Section 1614.105(a)(1), Plaintiff has met the conditions precedent to establish a civil action against Defendants. Additionally, Plaintiff's claims were timely filed within 90 days of receipt of the decision of the U.S Equal Employment Opportunity Commission (hereinafter "EEOC") Appeal No. 2021002606, Hearing No. 420-2020-00251X and Agency No. ARANAD19MAY01856. Plaintiff's Complaint is attached hereto as Exhibit A and the EEOC's decision is attached hereto as Exhibit B.

## IV. GOVERNMENT'S WAIVER OF SOVEREIGN IMMUNITY

**7.**

Plaintiff's claim is brought under Title VII of the Civil Rights Acts of 1964, as amended, Section 701, et seq, 42 U.S.C. subsection (e) of section 2000, et seq,. As such, Title VII waives the federal government's sovereign immunity with respect to lawsuits brought by federal employees (or applicants for federal employment) against their (current or prospective or former) employers alleging employment discrimination or retaliation by those employers. Section 717 of Title

VII . . . provides an express waiver of sovereign immunity in suits against the government for discriminatory employment practices.

## V. PARTIES

**8.**

Plaintiff, Sherlyn Johnson, is an African-American adult female, citizen of the United States and the State of Alabama, who is more than 40 years of age, is a resident of Anniston, Calhoun County, Alabama, and at all times material to this action was a civilian employee (Heavy Mobile Equipment Mechanic, WG-10-5803) of the United States Army, Anniston Army Depot, Anniston, Alabama.

**9.**

Defendant Christine Wormuth, Acting Secretary of the Army, is the head of the Department of the Army, an agency of the United States of America. The Department of the Army, here referred to as a department or instrumentality of the federal government, subject to the laws of the United States of America. Defendant Christine Wormuth is the Acting Secretary of the Army and is named as a defendant in this action in her official capacity as the head of the Department of the Army. Out of an abundance of precaution and pursuant to Rule 4, Federal Rules of Civil Procedure and 32 CFR 257, service may be had and a separate summons has been prepared for the following for service via certified mail to the following:

Christine Wormuth, Acting Secretary of the Army
101 Army Pentagon

Washington, D.C. 20310-0101

Prim F. Escalona
United States Attorney for the Northern District of Alabama
1801 4th Avenue North
Birmingham, AL 35203

Office of the Judge Advocate General,
U.S. Army Litigation Division
901 N. Stuart Street
Suite 400
Arlington, VA 22203-1837

Polly E. Russell
Agency Representative
Anniston Army Depot
Attn: Legal Office
7 Frankford Avenue
Anniston, Alabama, 36201-4199

## VI. FACTUAL ALLEGATIONS

**10.**

On or about February 2018, Plaintiff initially was not selected by the Anniston Army Depot (hereinafter "Agency") for a position but, after she complained to the Chain of Command, her resume was revaluated and rescored and she was selected for the position.

**11.**

On or about July 2018, Plaintiff was injured while performing the duties of her job. Plaintiff received medical attention and was removed from duty for approximately 3 weeks. Plaintiff has been continuously harassed about the work

related injury. The Agency's managers have constantly reported that the injury was not work related in order to avoid properly documenting/reporting the accident. It was determined by Industrial Hygiene at the Agency that the components which Complainant was instructed to assemble were over 45 lbs and too heavy for one person to lift without a lifting device or assistance, and recommended that a lifting device be put in place and used for this 2 man lift. However, on or about July 19, 2020 there was no lifting device and only one person continues to lift the oil tanks. The medical documents which Complainant submitted to managers were not forwarded. While under doctors care and on lifting restriction, Christopher Benefield (Plaintiff's supervisor at the time) stated that Complainant should lift the kits with her right side, which was much heavier than Complainant's restrictions;

**12.**

On or about April 1, 2019, Plaintiff was unlawfully retaliated against for her prior protected EEO activity when, on April 1, 2019, she received notification from the Agency that she would be suspended for two day effective April 9, 2019, for Discourtesy and Failure to Properly Request Leave ("AWOL").

**13.**

The AWOL action against Plaintiff was a direct act of reprisal by the Agency due to Plaintiff's prior EEO complaints against Agency's managers Rodney Gaither and Christopher Williams. Additionally, in an effort to validate its

AWOL action against Plaintiff, the Agency solicited the fallacious testimony of Agency employees Christopher Benefield and Kenneth Beason. Shortly after providing their false statement against Plaintiff, Mr. Benefield and Mr. Beason received promotions from the Agency.

**14.**

On or about August 2019, Christopher Benefield lied about Complainant causing her to be charged AWOL, and the AWOL was subsequently removed.

**15.**

On or about July 27, 2018, Plaintiff submitted a U.S. Department of Labor Office of Worker's Compensation Claim ("OWCP") for compensation and on August 7, 2019 and August 28, 2019, Lacy Beyer, an Agency employee, informed Christopher Benefield of the requirement for Plaintiff to use her own leave for doctor's appointments, causing Plaintiff to lose pay and duty hours. Said action against Plaintiff was a deviation from the Agency's policy.

**16.**

Between August 2018 until September 2019, Agency's managerial staff untruthfully reported to Plaintiff's senior supervisors that she was not participating in the workman's compensation claim process.

**17.**

On or about 17 December 2019, Christopher Benefield falsely accused Plaintiff of and charged Plaintiff with being AWOL for 6 minutes. This occurred even though other employees conducted the same behavior and were never penalized.

**18.**

On or about January 5, 2020, Plaintiff attended an Initial Teleconference with her attorney at the time and an EEOC Administrative Judge (EEOC No. 420-2020-00251X, Agency ARANAD19MAY01856, and on approximately January 6, 2020, Plaintiff was notified that her Temporary Position, which was an accommodation for a permanent work-related injury/impairment, would end and she would be returned to the duties of a Heavy Mobile Equipment Repairer, WG-08, which duties are beyond her medical restrictions and continue to place her at risk for further injury.

**19.**

On or about January 2020, Plaintiff requested advanced leave. The Agency failed to timely respond to Plaintiff's request for advanced leave causing Complainant to take Leave Without Pay.

**20.**

On or about January 2020, Plaintiff was diagnosed with PTSD anxiety due to extreme hostile work environment. She notified Christopher Benefield and provided him a copy of the FMLA medical documentation stating the diagnosis (which Benefield provided approval of the FMLA)(approximately 1/21/2020) as well as requested advanced annual leave. Plaintiff then submitted a request for advanced annual leave several times as well as contacted Christopher Benefield and Jason Adam Harvey, an Agency managerial staff, several times to request a status of her request. However, each time they did not give a status and she went into a Leave Without Pay status and did not receive a response or pay for approximately 50 to 60 days.

**21.**

After Plaintiff's temporary promotion expired on June 25, 2020, her temporary promotion was not extended and she was not promoted or given a permanent position. Other non-female or Black employees, with less qualification were promoted.

**22.**

On or about July 2020, after months of going back and forth with the Agency about Plaintiff's OWCP claim forms, Plaintiff discovered the forms were not being submitted, resulting in her not receiving medical treatment approval,

having to use her own insurance, paying for out-of-pocket expenses, being unable to accrue leave and being in leave with pay status.

**23.**

The Agency's managers submitted documents to the Department of Labor that were changed and/or amended, gave Plaintiff different documents and did not forward some documents to the Department of Labor. This evidenced the Agency's continued attempts to harass and intimidate Plaintiff.

**24.**

Over the past several years, Plaintiff was belittled, humiliated, embarrassed, placed in fear and unfairly critiqued by the Agency's management. Said treatment caused Plaintiff substantial emotional distress.

## VII. COUNT I: VIOLATION OF 42 U.S.C. § 1981 DISCRIMINATION

**25.**

Plaintiff hereby incorporates Paragraph 1 through 24 above as if set forth fully herein.

**26.**

Defendant subjected Plaintiff to discrimination and harassment on the basis of his race, gender and protected EEO Activity.

**27.**

Defendant's actions in subjecting Plaintiff to different terms and conditions to employment constitutes unlawful discrimination on the basis of race, gender and prior protected EEO activity in violation of 42 U.S.C. § 1981.

**28.**

The effect of Defendant's conduct was to deprive Plaintiff of economic opportunities and otherwise adversely affect Plaintiff's status as an employee because of her race, gender and protected EEO Activity.

**29.**

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected her psychological and physical well being.

## VIII. COUNT II: VIOLATION OF 42 U.S.C. § 1981 RETALIATION

**30.**

Plaintiff hereby incorporates Paragraph 1 through 29 above as if set forth fully herein.

**31.**

Plaintiff engaged in protected conduct when she complained about race-based discrimination and harassment. Additionally, Plaintiff engaged in protected activity while serving as a Union Representative for the Agency and representing

other employees who were submitting claims against the Agency for discrimination.

**32.**

Defendant subjected Plaintiff to adverse employment actions after she engaged in protected conduct.

**33.**

There was a causal connection between the protected conduct and the adverse action.

**34.**

As a direct and proximate result of these actions, Plaintiff has suffered damages.

**35**.

Defendant is liable for the damages caused proximately resulting from its retaliation.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that the Court grant such relief as may be appropriate, including damages, costs and attorney fees. More specifically, the Plaintiff requests the following relief:

a. An award of nominal and compensatory damages to Plaintiff;

b. An award of compensatory damages as a result of each violation, for her mental anguish, humiliation, loss of enjoyment of life and inconvenience;

c. For past and future economic, general, special, pecuniary, consequential and compensatory damages according to proof on all causes of action;

d. An award of litigation costs and expenses, including reasonable attorneys' fees, to Plaintiff;

e. Pre-judgment and post-judgment interest; and

f. Such other and further relief as the Court may deem just and proper.

Respectfully submitted this 27th day of July 2022.

/s/ Nathaniel J. Middleton
Nathaniel J. Middleton, Esq.
Attorney for Plaintiff
Georgia Bar No.: 504909
3951 Snapfinger Parkway, Suite 332
Decatur, GA 30035
Office: 404-286-4441
Fax: 404-996-6788
Cellular: 770-329-1747
E-mail: nathanieljmiddleton@gmail.com

**IN THE UNITED STATE DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| SHERLYN JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTINE WORMUTH, Acting Secretary of the Army, Department of the Army,<br><br>Defendants. | CASE NO.:1:22-cv-36-CLM |

**CERTIFICATE OF SERVICE**

This is to certify that I have this 27th day of July, 2022, caused the within and foregoing SECOND *AMENDED COMPLAINT FOR DAMAGES* be served on all parties by US Mail with adequate postage affixed and by using the E-File/CM/ECF electronic filing system which will automatically send electronic notification of such filing.

Respectfully submitted this 27th day of July 2022.

/s/ Nathaniel J. Middleton
Nathaniel J. Middleton, Esq.
Attorney for Plaintiff
Georgia Bar No.: 504909
3951 Snapfinger Parkway, Suite 332
Decatur, GA 30035
Office: 404-286-4441
Fax: 404-996-6788
Cellular: 770-329-1747
E-mail: nathanieljmiddleton@gmail.com