UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

SHERLYN JOHNSON,
    Plaintiff,

v.

CHRISTINE WORMUTH,
*Secretary of the Army,*
*Department of the Army*,
    Defendant.

Case No. 1:22-cv-36-CLM

# MEMORANDUM OPINION

Sherlyn Johnson sues the Secretary of the Army, alleging violations of 42 U.S.C. § 1981. Her counts are labeled: "VIOLATION OF 42 U.S.C. § 1981 DISCRIMINATION," and "VIOLATION OF 42 U.S.C. § 1981 RETALIATION." (Doc. 24, pp. 10-11). And in her brief opposing the Secretary's motion to dismiss those counts (doc. 25), Johnson asserts that her complaint is "within the Court's jurisdiction to hear her claims of discrimination and retaliation pursuant to 42 U.S.C. § 1981." (Doc. 27, pp. 1-2).

The court highlights Johnson's citations of § 1981 because both circuit precedent and the text of § 1981 make clear that "a plaintiff cannot maintain a § 1981 claim against a federal defendant acting under color of federal law." *Lee v. Hughes*, 145 F.3d 1271, 1277 (11th Cir. 1998); *see* 42 U.S.C. § 1981(c). Because that's the only type claim that Johnson pleaded, the court **GRANTS** the Secretary's motion to dismiss (doc. 25).

## STATEMENT OF FACTS

Plaintiff Sherlyn Johnson is a former civilian employee of United States Army. She worked as a Heavy Mobile Equipment Mechanic at the Anniston Army Depot in Anniston, Alabama. Frankly, Johnson's factual allegations about her time at the Anniston Army Depot are hard to parse. But as it must, the court construes all facts and presents the narrative in the light most

favorable to Johnson. *See Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1356 (11th Cir. 1998).

Johnson alleges that in 2018, she was injured on the job, and removed from duty for about three weeks. She says she was harassed about the injury, and improperly required to use her own leave for doctor's appointments, causing her to lose pay. She also claims that after her injury, she was ordered to perform tasks that exceeded her medical restrictions.

Johnson states that on April 1, 2019, she was inappropriately suspended for Discourtesy and Failure to Properly Request Leave ("AWOL"), after an employee falsely accused her of being AWOL for 6 minutes. Johnson seems to concede that she was late, but says that other employees were never penalized for the same behavior. (Doc. 24, p. 8). Johnson claims that the suspension was retaliation for complaining about race discrimination and harassment, and for engaging in protected activity. Johnson claims that she engaged in protected activity before April 1, 2019. But she never explains what that activity might be. (*See* Doc. 24, p. 6).

Johnson alleges that on at least two other occasions, an employee lied about her, and caused her to be improperly charged AWOL. (*See* Doc. 24, p. 7 (discussing an August 2019 incident), Doc. 24, p. 8 (discussing a December 2019 incident)).

At some point, Johnson was placed in a temporary position as an accommodation for a work-related injury. But in early 2020, after a proceeding before an Administrative Judge of the Equal Employment Opportunity Commission ("EEOC"), Johnson was informed that her temporary position was ending, and she would be returned to a Heavy Mobile Equipment Repairer role. Johnson claims the duties required by that position exceeded her medical restrictions.

Soon after, Johnson requested leave. But she claims her employer failed to respond promptly, causing her to take leave without pay.

Johnson then filed a formal Complaint of Discrimination with the EEOC. An EEOC Administrative Judge issued summary judgment in the Army's favor, which the EEOC Office of Federal Operations affirmed.

Johnson then sued the Secretary of the Army, Christine Wormuth, alleging violations of 42 U.S.C. § 1981. (Doc. 1). Johnson sued Wormuth in her official capacity, and her operative complaint states two counts that contain three distinct legal claims: (1) race discrimination, (2) gender discrimination, and (3) unlawful retaliation. (Doc. 24).

Wormuth asks the court to dismiss Johnson's Third Amended Complaint under Rule 12(b)(1) for lack of jurisdiction, and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 25). Johnson opposes the motion, and raises new factual allegations in her brief in opposition. But the court cannot consider these facts because "a complaint may not be amended by briefs in opposition to a motion to dismiss." *Gibbons v. McBride*, 124 F. Supp. 3d 1342, 1381 (S.D. Ga. 2015); *see also Huls v. Llabona*, 437 F. App'x 830, 832 n.5 (11th Cir. 2011) (holding that an argument raised for the first time in response to defendant's motion to dismiss, instead of in an amended complaint, was not properly raised before the district court and would not be considered on appeal).

## LEGAL STANDARD

"The party invoking the court's jurisdiction bears the burden of establishing federal jurisdiction." *Alliant Tax Credit Fund XVI, Ltd. v. Thomasville Cmty. Hous., LLC*, 713 F. App'x 821, 824 (11th Cir. 2017) (citing *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

## DISCUSSION

Wormuth asks the court to dismiss Johnson's Third Amended Complaint in its entirety for (1) lack of jurisdiction, and (2) failure to state a claim upon which relief can be granted. Because federal courts are "obliged to inquire into subject matter jurisdiction . . . whenever it may be lacking," the court examines the basis of its jurisdiction before proceeding to whether Johnson has stated a claim. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999); *see also Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981).

1. <u>Johnson's pleading</u>: Wormuth argues that the court lacks subject matter jurisdiction to adjudicate all of Johnson's claims because the United States government has not waived sovereign immunity to claims brought under 42 U.S.C. § 1981. Johnson contends, in response, that 42 U.S.C. § 2000 *et seq.* ("Title VII") provides an express waiver of sovereign immunity for claims brought by federal employees. Both parties are right, but they are talking about different statutes. So the real issue is whether Johnson's claims are alleged as violations of Section 1981, or as violations of Title VII.

On the first page of her Third Amended Complaint ("Complaint"), Johnson states that the action is brought to redress the violation of her rights "under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et – seg.; *and* the Civil Rights Act of 1991, 42 U.S.C. 1981a." (Doc. 24, p. 1) (emphasis added). But later in the Complaint, Johnson states in bold, underlined font that her claims are brought as violations of 42 U.S.C. § 1981. Count I is labeled: "VIOLATION OF 42 U.S.C. § 1981 DISCRIMINATION." (Doc. 24, p. 10). Count II is labeled: "VIOLATION OF 42 U.S.C. § 1981 RETALIATION." (Doc. 24, p. 11). And in her brief opposing this motion, Johnson asserts that her complaint is "within the Court's jurisdiction to hear her claims of discrimination and retaliation pursuant to 42 U.S.C. § 1981." (Doc. 27, pp. 1-2).

Based on Johnson's chosen language, the court finds that each of Johnson's claims are pleaded under § 1981 (and not under Title VII).

2. <u>Immunity</u>: The United States is immune from being sued unless it has consented to suit by statute. *See United States v. Dalm*, 494 U.S. 596, 608 (1990). In other words, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer,* 510 U.S. 471, 475 (1994). Because sovereign immunity is jurisdictional, the terms of the United States' consent to be sued in any court set the parameters of that court's jurisdiction to entertain the suit. *Id.*

Congress says that Section 1981 applies "only against impairment of equal rights, or violations of federal or constitutional rights, under color of *state law*." 42 U.S.C. § 1981(c) (emphasis added). And the Eleventh Circuit has held that the United States has not waived sovereign immunity for claims brought under § 1981. *See United States v.* Timmons, 672 F.3d 1373, 1380 (11th Cir. 1982). As a result, "a plaintiff cannot maintain a § 1981 claim against a federal defendant acting under color of federal law." *Lee v. Hughes*, 145 F.3d 1271, 1277 (11th Cir. 1998).

Because Johnson states § 1981 claims against a federal defendant for actions taken under color of federal law—and she asserts no other claims—the court must dismiss her complaint. *Osahar v. Postmaster General of U.S. Postal Serv.*, 263 Fed. Appx. 753, 763 (11th Cir. 2008) (citing *Lee v. Hughes*, 145 F.3d 1272, 1277 & n.5) (11th Cir. 1998)).

3. <u>Other jurisdictional sources</u>: Johnson tries to avoid this jurisdictional bar by citing federal statutes in which the United States has waived sovereign immunity. But again, Johnson did not *plead* claims under those statutes, so those statutes cannot confer jurisdiction on this court.

For example, Johnson pleaded in her complaint that the court has jurisdiction under the Federal Tort Claims Act. (Doc. 24, p. 2). But that statute provides a remedy for "injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful omission of any employee of the Government . . ." 28 U.S.C. § 2679(b)(1). Johnson's Complaint does not allege any tort claims, so the Federal Tort Claims Act is irrelevant and thus cannot provide the court with jurisdiction.

Johnson also pleaded that the court has jurisdiction under Title VII. (Doc. 24, p. 2). But Johnson does not cite or mention Title VII in either of her counts. Instead, Johnson specifically pleads "violation[s] of 42 U.S.C. § 1981." (Doc. 24, pp. 10-11). Johnson *might* be able to state a plausible claim under Title VII, but she does not do so in her Third Amended Complaint.

—

When a court lacks jurisdiction, "the only function remaining to the court is that of announcing the fact and dismissing the cause." *Univ. of S. Ala.*, 168 F.3d at 410 (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868)).

As explained above, the court lack jurisdiction, so the court **GRANTS** Defendant Wormuth's motion to dismiss (doc. 25). The court will enter a separate order that carries out this ruling by **DISMISSING WITHOUT PREJUDICE** all claims against Wormuth.

**DONE** on January 16, 2023.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE